BOUTALL, Judge.
The defendants appeal a jury verdict awarding the plaintiff $55,000.00 for injuries suffered in an automobile accident. The defendants stipulated to fault but questioned the extent of the damages that the plaintiff suffered. We affirm.
On May 20, 1978, Kenneth J. Brouillette was driving his vehicle down Veterans Boulevard when a car being driven by Lawrence Ward pulled out from Aurora Drive hitting Brouillette’s vehicle. As a result of the accident, Brouillette was taken to East Jefferson Hospital where he received treatment for injuries sustained to his head, shoulder, neck and back. Brouillette sued Ward and his insurer, United Services Automobile Association, claiming that due to Ward’s negligence, he has been unable to work and that as of 1980, he was still suffering from the pain in his neck, shoulder and back. In addition, Brouillette argued that he had been suffering from depression and anxiety. At trial, expert witnesses for both sides were presented to testify on Brouillette’s mentality, physical condition and his ability to work in the future.
We note that the defendants’ chief concern, having stipulated to fault, was the amount of injuries that Brouillette sustained. The basis for the defendants’ arguments related to an accident which took place in September of 1977. In that accident Brouillette was sleeping in his bed when a car ran into his house knocking him from his bed causing injuries to his back and neck. Defendants argue that these old injuries are the bases for Brouillette’s present condition, that they should not be held accountable for those injuries not causally related to the second accident or for those injuries which are just re-aggravations of the first. Their appeal assigns error in giving improper jury charges and in failing to give special charges on the relationships between the two accidents and causations of injury, and error in awarding excessive quantum.
The charge argued improper is one apparently based on Reck v. Stevens, 373 So.2d 498 (La.1979) at p. 502:
“Now, it is well established in our law that a Defendant takes his victim as he finds him in cases where a pre-existing condition is present, the Defendant is re *140 sponsible for damages — for the consequences of his act although the damage so caused is greater because of a prior condition of the victim which is activated by the accident.
If you believe that a pre-existing condition prior to the accident was activated or aggravated by the accident in question, you must award the Plaintiff damages for these injuries.”
Appellants argue this charge needs further explanation and that their special charges would give a proper explanation and statement of the law. We believe the charge given to be a correct one. We further point out that other portions of the judge’s charges basically covered all of appellants’ complaints. The judge pointed out in several instances that the compensable injuries were those caused by this defendant’s fault and that plaintiff was required to prove this as an essential element of his case. Additionally, in the computation of damages the judge pointed out at least twice that the jury was to consider plaintiff’s condition before the injury and accident and what it was at trial. We conclude that appellants’ charges, these as well as others, were adequately covered by the trial judge.
We now consider the amount awarded.
The medical testimony offered reflects that the patient is suffering from pain in the neck and upper back areas. A psychiatrist testified that the patient would return to normal sometime in the future but that due to his mental condition, he would be without gainful employment indefinitely.
It is our belief that the plaintiff was still experiencing some residual pain due to the first accident but did sustain some physical and mental injuries as a result of the second accident. At trial, the jury was asked whether the plaintiff’s injuries were the proximate result of the negligence of the defendant, to which they responded in the affirmative. When assessing the amount of money necessary to compensate the plaintiff for the damages incurred, the jury determined that $55,000.00 was appropriate. From the medical testimony given, we cannot say that the jury abused its discretion in awarding such a figure. Reck v. Stevens, supra; Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976). Although in the opinion of the court, the amount awarded appears generous, it does fall within the limits of discretion stated in C.C. Art. 1934(3).
Accordingly, we affirm the jury award given to the plaintiff in the amount of $55,000.00.
AFFIRMED.